UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James F. Johnson,<br><br>Petitioner,<br><br>v.<br><br>Vincent C. Gray *et al.*,<br><br>Respondents. | Civil Action No.  12-0967 (JDB) |

**MEMORANDUM OPINION**

In this action for a writ of mandamus brought *pro se*, petitioner, a District of Columbia resident, was convicted in 1976 of "Carnal Statutory Rape" and other crimes following a jury trial in the Superior Court of the District of Columbia.  Pet. at 2;[1] *see* Fed. Resp't's Opp'n to Pet'r's Pro Se Pet. for Writ for Mandamus [Dkt. # 7], Ex. A.  As a consequence, petitioner must register for life as a sex offender under the District's Sex Offender Registration Act of 1999 ("SORA"), codified at D.C. Code § 22-4001 *et seq.*.  Resp't's Ex. B.

Petitioner "challenges the . . . additional sentence . . ., which was not orally pronounced . . . by the sentencing Judge during the 1976 sentencing phase," but which "CSOSA authorities pronounce[d] and mandated . . . as a condition of [petitioner's] parole release in . . . 2004, nearly . . . 30 years after the [imposition of] [his] sentence . . . ."  Pet. at 2.  Presumably, petitioner

---

[1]  This action was initiated by petitioner's submission captioned: "Motion for Federal Writ of Error Coram Nobis or in the Alternative Writ for Mandamus to Order Dismissal/ Removals from the District of Columbia and Federal Sex Offenders Registration Petitioner Challenge the Sex Offender Registration Mandate Only!"  Since petitioner is not challenging a judgment of this Court, the document is construed as a petition seeking mandamus relief.  *See Black's Law Dictionary* (9th ed. 2009) (defining coram nobis as "[a] writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact").

seeks an order to compel the Court Services and Offender Supervision Agency ("CSOSA"), a federal agency, s*ee* D.C. Code § 24-133, to relieve him of SORA's reporting requirement. *Id.* Since petitioner has not shown his entitlement to mandamus relief, the Court will deny his petition.

Under the mandamus statute, 28 U.S.C. § 1361, a court is empowered to grant injunctive relief only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir.2002)); *accord In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005). "[I]f there is no clear and compelling duty under the statute as interpreted, the district court must dismiss the action." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc). Even if the petitioner satisfies all three elements, whether the extraordinary remedy of mandamus should issue is discretionary. *Id*.

Petitioner has failed to demonstrate the requirements for mandamus relief, and he has utilized – albeit unsuccessfully -- an adequate remedy under D.C. Code § 22-4004 available to him in Superior Court. *See* Resp't's Ex. C (*Johnson v. CSOSA*, No. F-33483-76 (Super. Ct. Sept. 27, 2004) (denying petitioner's motion "challenging his status as a sex offender under the [SORA]")); *Anderson v. Holder*, 647 F.3d 1165, 1170 (D.C. Cir. 2011) (discussing the SORA's remedial scheme); *cf. Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (unfavorable outcome alone does not render remedy inadequate under habeas statute's savings clause) (citing cases). Hence, the Court finds no basis for granting mandamus relief.

Petitioner also contends that the application of SORA's reporting requirement to him violates the Constitution's ex post facto proscription. Pet. at 4-5. But the District of Columbia Circuit in addressing the same argument petitioner advances here has "conclude[d] that . . .

SORA's registration requirement does not violate the Ex Post Facto Clause." *Anderson*, 647 F.3d at 1169.  The D.C. Circuit was "persuaded that the [District of Columbia] Council intended to [and did] create a regulatory scheme that is civil and nonpunitive," and, thus, not subject to ex post facto analysis.  *Id*. (internal quotation marks omitted); *see Collins v. Youngblood*, 497 U.S. 37, 42-43 (1990) (" '[A]ny statute . . . which makes more burdensome the punishment for any crime, after its commission . . . is prohibited as ex post facto.' ") (quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925)).  Hence, to the extent that petitioner is seeking injunctive relief based on a constitutional violation, the Court finds that he has not stated a cognizable claim.

      For the foregoing reasons, the Court will deny the petition for a writ of mandamus and dismiss the case.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
JOHN D. BATES
DATE:  November 14, 2012          United States District Judge